## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | |
|---|---|
| CENTURY OFFSHORE MANAGEMENT CORPORATION, *ET AL.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| DEB HAALAND, | ) ) ) |
| THE UNITED STATES DEPARTMENT OF THE INTERIOR, | ) ) ) |
| HOWARD CANTOR, in his official capacity as Director of the Office of Natural Resources Revenue of the United States Department of the Interior, | ) ) ) ) ) ) |
| Defendants. | ) ) |

Civil Action No. _____

## ORIGINAL COMPLAINT

Plaintiffs Century Offshore Management Corporation and affiliated companies[1] (collectively, "**Century**") file this Original Complaint against Defendant United States Department of the Interior (the "**Department**" or "**Defendant**") and respectfully show the following:

## PRELIMINARY STATEMENT

Century has timely appealed orders issued by the Office of Natural Resources Revenue ("**ONRR**"), a bureau within the Department, denying (i) a May 8, 2019 request to exceed regulatory allowance limitation (the "**Request to Exceed**"); and (ii) an April 13, 2020 demand for

---

[1] Relevant affiliates include Century Exploration New Orleans, LLC, Century Exploration New Orleans, Inc., Century Exploration Company, and Upstream Exploration LLC.

refund request (the "**Refund Request**"). Each of these denials was separately appealed by Century and docketed before ONRR.

On June 7, 2023, *sua sponte*, ONRR issued a decision purporting to consolidate the separate appeals of the denials of the Request to Exceed and Refund Request and affirming those same denials (the "**Decision**"). However, regardless of the effectiveness of the purported consolidation, each appeal is nevertheless subject to the administrative deadlines provided in 30 U.S.C. § 1724.

Under 30 U.S.C. § 1724(h), demands or orders issued by the Secretary of the Department are subject to administrative appeal. If a demand or order is appealed, the Secretary "shall issue a final decision in any administrative proceeding . . . within 33 months from the date such proceeding was commenced." 30 U.S.C. § 1724(h)(1). This deadline is subject to extension by any period of time agreed upon in writing by the Secretary and appellant. *Id*. If the Secretary does not issue a decision within the 33-month period, the Secretary shall be deemed to have issued a "final decision," which shall "affirm those issues for which the agency rendered a decision prior to the end of such period." 30 U.S.C. § 1724(h)(2).

ONRR's Decision was itself appealed by Century to the Interior Board of Land Appeals ("**IBLA**" or the "**Board**") on June 30, 2023, and docketed at IBLA-2023-0178. On July 17, 2023, the Board ordered ONRR and Century to submit supplemental briefing as to when the statutory deadlines in the appeal began and when they expire. Century and ONRR disagree over those dates, and the Board has not yet ruled.

The answer to this question will determine if and when the 180-day deadline to commence a judicial proceeding has started and when it will expire, for under 30 U.S.C. § 1724(j), a judicial proceeding challenging final agency action must be commenced "within 180 days from receipt of

notice by the lessee or its designee of the final agency action." This Complaint is filed as a precaution to ensure Century has commenced a judicial proceeding within 180 days of the earliest possible date the Department's Decision might be "deemed final."[2]

Under the most precautionary calculation of the 33-month and 180-day deadlines, Century must commence a judicial proceeding with respect to the Decision by September 24, 2023. Century notes that IBLA at some point will address the dispute over its jurisdiction. Its resolution may moot this Complaint.

## INTRODUCTION

1. Century hereby brings this action against the Department under the Administrative Procedure Act, 5 U.S.C. §§ 701–706 ("**APA**"), the Federal Oil and Gas Royalty Management Act of 1982 (30 U.S.C. §§ 1701–59), as amended by the Federal Oil and Gas Royalty Simplification and Fairness Act of 1996 (Pub. L. No. 104-185, 110 Stat. 1700), the Outer Continental Shelf Lands Act of 1953 (43 U.S.C. §§ 1331, *et seq.*), the federal royalty regulations of ONRR (30 C.F.R. Chapter XII, Parts 1200-1299 (2007-2010)), and the Due Process Clause of the Fifth Amendment to the United States Constitution.

2. Through this action, Century respectfully seeks review of the Decision. As noted above, this Complaint is filed for precautionary purposes only, and operates under the assumption

---

[2] The Refund Request was submitted by Century on April 13, 2020, and denied by ONRR on July 7, 2020. Century appealed ONRR's denial on August 10, 2020, and the appeal was docketed at ONRR-20-0177-OCS. On October 13, 2020, ONRR and Century agreed to extend the 33-month period by 60 days. On October 14, 2020, ONRR and Century agreed to extend the 33-month period by 14 more days. Under *Murphy Exploration and Production Co. v. United States Department of the Interior*, an "administrative proceeding" commences upon issuance of lessee's refund request. 252 F.3d 473 (D.C. Cir. 2001). Following *Murphy*, the 33-month period under § 1724(h) began on April 13, 2020. ONRR neither follows *Murphy* nor agrees with Century about other agreements or orders that further tolled the running of the period. Century, as a precaution, adds 33 months and 74 days (per October 13 and 14, 2020 agreements) to this date, resulting in March 28, 2023. If this calculation is correct, then the Decision, not served on Century until June 8, 2023, was itself untimely at least as to some of the appeals it covered.

that the 33-month deadline for this appeal expired on March 28, 2023, thereby making ONRR's denial of the Refund Request the "deemed-final" decision of the Secretary under § 1724(h)(2).

3. Through this action, and pursuant to the APA, 5 U.S.C. § 706(2)(A)-(F), Century respectfully requests the final decision be declared unlawful and vacated.

## JURISDICTION AND VENUE

4. Assuming the 33-month deadline expired on March 28, 2023, the Decision is not subject to further appeal within the agency. It constitutes final agency action. *See Continental Res., Inc. v. Jewell*, 846 F.3d 1232, 1233–34 (D.C. Cir. 2017).

5. Century has suffered legal wrong from and is adversely affected and aggrieved by the Decision within the meaning of 5 U.S.C. § 702.

6. This action arises under the APA, the Federal Oil and Gas Royalty Management Act of 1982 (30 U.S.C. §§ 1701–59), as amended by the Federal Oil and Gas Royalty Simplification and Fairness Act of 1996 (Pub. L. No. 104-185, 110 Stat. 1700), the OCSLA (43 U.S.C. §§ 1331, *et seq.*), the federal royalty regulations of ONRR (30 C.F.R. Chapter XII, Parts 1200-1299 (2007-2010)), and the Due Process Clause of the Fifth Amendment to the United States Constitution.

7. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. §§ 2201–02 (declaratory relief), and 43 U.S.C. § 1349(b)(1) (actions arising out of production of minerals on the Outer Continental Shelf ("**OCS**")). An actual controversy exists between the Parties within the meaning of the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02. By operation of the APA, Congress has waived the sovereign's immunity from suit.

8. Venue is proper because Defendant may be found in this district. 43 U.S.C. § 1349(b). *See Superior Oil Co. v. Andrus*, 656 F.2d 33, 41 (3d Cir. 1981) (agencies administering

OCSLA can be sued in Delaware because the government "may be found" there).

## PARTIES AND PROPERTIES

9. Century Exploration Limited Partnership F/K/A Century Exploration Company, as successor in interest to Century Offshore Management Corporation was formed in Louisiana with its principal place of business in Lafayette, Louisiana.

10. Century Exploration New Orleans, LLC F/K/A Century Exploration New Orleans, Inc. and successor in interest to Century Exploration Company was formed in Delaware with its principal place of business in Metairie, Louisiana.

11. Upstream Exploration LLC was formed in Delaware with its principal place of business in San Antonio, Texas.

12. Century is lessee of the following leases on the OCS in the Gulf of Mexico: 0540313040, 0550004190, and 0550004200 (collectively, the "**Leases**").

13. Defendant is a federal executive department of the United States government.

## THE DECISION UNDER REVIEW

14. In the Director Decision deemed final, the Department denies Century's Request to Exceed and Refund Request. In doing so, amongst other items, attempts to establish new policies without proper notice and comment, and thereby reversing five decades of precedent and practice that movement of production from these platforms to shore was deductible transportation.

15. The Decision must be reversed for the following reasons.

## COUNT I

## VIOLATIONS OF THE OUTER CONTINENTAL SHELF LANDS ACT AND ADMINISTRATIVE PROCEDURE ACT

16. Century repeats and re-alleges the allegations of the preceding paragraphs, 1 through 15, as if fully set forth herein.

17. The Department has consistently approved platform transportation allowances through appeals, audits, and guidance.

18. It is arbitrary and capricious for Defendant to treat similarly situated lessees differently in royalty valuation. *Indep. Petroleum Ass'n of Am. v. Babbitt*, 92 F.3d 1248, 1258 (D.C. Cir. 1996).

## COUNT II

## VIOLATIONS OF DUE PROCESS AND ADMINISTRATIVE PROCEDURE ACT

19. Century repeats and re-alleges the allegations in the preceding paragraphs, 1 through 18, as if fully set forth herein.

20. The Decision violates Century's rights under the Due Process Clause of the Fifth Amendment to the United States Constitution because ONRR failed to provide fair notice of its counter-textual interpretation of the transportation regulations.

21. The Decision violates Century's rights under the APA because ONRR's interpretation amounts to a new rule, which was unaccompanied by any notice or opportunity for public comment.

22. The Decision violates Century's rights under the Due Process Clause of the Fifth Amendment to the United States Constitution because Defendant denied Century timely access to the very information it required in order to understand the final decision. *See Amoco v. Fry*, 118 F.3d 812, 829 (D.C. Cir. 1997).

## COUNT III

## VIOLATIONS OF THE ADMINISTRATIVE PROCEDURE ACT AND FEDERAL OIL AND GAS ROYALTY SIMPLIFICATION AND FAIRNESS ACT OF 1996

23. Century repeats and re-alleges the allegations of the preceding paragraphs, 1 through 22, as if fully set forth herein.

24. For reasons that will be clear when Defendant submits the administrative record, Defendant failed to follow Generally Accepted Government Auditing Standards ("**GAGAS**") set by the Comptroller General of the United States and published in the Government Auditing Standards. ONRR is required by regulation to conduct its audits following GAGAS.

25. The Decision shows no effort to follow GAGAS.

## COUNT IV

### VIOLATIONS OF THE ADMINISTRATIVE PROCEDURE ACT AND FEDERAL OIL AND GAS ROYALTY SIMPLIFICATION AND FAIRNESS ACT OF 1996

26. Century repeats and re-alleges the allegations of the preceding paragraphs, 1 through 25, as if fully set forth herein.

27. The Decision does not meet the statutory requirements for obligation identification, specificity, or reasoning, as required under 30 U.S.C. §§ 1702(23), 1702(26), and 1724(b)(1).

28. Moreover, the Decision is unlawful under 30 U.S.C. §§ 1724(b)(1), 1702(23), 1702(25), and 1702(26) because it (1) became final without prior preliminary determinations and thus fails to respond to Century's views; and (2) failed to explain why the Director chose to abandon the Department's longstanding interpretation of "gathering" in favor of its new interpretation.

29. By failing to observe procedure required by law, the final decision of the Department must be held unlawful and set aside. 5 U.S.C. § 706(2)(D).

## COUNT V

### VIOLATION OF ARTICLE II OF THE UNITED STATES CONSTITUTION

30. Century repeats and re-alleges the allegations of the preceding paragraphs, 1 through 29, as if fully set forth herein.

31. The Director of ONRR, who issued the Decision, was appointed in violation of the Appointments Clause and the principle of Separation of Powers in the United States Constitution, U.S. Const. Art. II, § 2; *see Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 130 U.S. 447 (2010), and in violation of the Reorganization Act of 1949, 5 U.S.C. §§ 901 *et seq*.

## COUNT VI

### VIOLATIONS OF THE ADMINISTRATIVE PROCEDURE ACT AND FEDERAL OIL AND GAS ROYALTY SIMPLIFICATION AND FAIRNESS ACT OF 1996

32. Century repeats and re-alleges the allegations of the preceding paragraphs, 1 through 31, as if fully set forth herein.

33. On multiple other issues, the Decision arbitrarily failed to address facts in the record and arbitrarily altered the requirements of existing regulations by unlawful *ad hoc* interpretations including willfully ignoring documents submitted by supplementation to the record prior to the Director's Decision.

34. The Decision was also based on bad faith and bias, as will be evident when the full administrative record is presented to the Court.

## PRAYER FOR RELIEF

WHEREFORE, Century prays the Court:

1) Vacate the Decision;

2) Hold the Decision unlawful as arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law; contrary to constitutional right, power, or privilege; excessive of statutory jurisdiction, authority, or limitations, or short of statutory right; without observance of procedure required by law; and unsupported by substantial evidence;

3) Enter declaratory judgment that the Decision was unlawful, that Defendant unlawfully disregarded regulations and agency precedent as to the oil and gas production at issue, and that such production must be permitted transportation allowances for costs incurred;

4) Enter declaratory judgment, and to the extent warranted, compel agency action unlawfully withheld and unreasonably delayed, that Century is awarded and to be refunded all principal amounts requested, including interest amounts, to the extent permitted by law;

5) Enter declaratory judgment that Century may retain allowances previously calculated;

6) Award Century costs and attorneys' fees to the extent permitted by law; and

7) Grant such other relief as may be appropriate in the circumstances.

Respectfully submitted this 22nd day of September, 2023.

*/s/ Michael W. Mengis*
Michael W. Mengis
LA Bar Roll No. 17994
mmengis@bakerlaw.com
BAKER & HOSTETLER LLP
811 Main Street, Suite 1100
Houston, TX 77002-6111
Telephone: 713.751.1600

*Attorney for Plaintiffs Century Offshore Management Corporation, et al.*